*214 Opinion by
Mr. Justice Sutton.
The parties will be referred to as they appeared in the trial court, where plaintiffs in error were defendants and defendants in error were plaintiffs.
This is an action between adjoining landowners. In the trial court plaintiffs sought a mandatory injunction requiring defendants to remove two encroachments upon the plaintiffs’ land which were in the form of pilasters or chimneys which support the side of defendants’ building. The trial court granted the relief sought but, upon defendants’ application for supersedeas, this court stayed the execution of the order pending final determination of the controversy.
The facts leading up to this controversy are as follows: Plaintiffs, husband and wife, who are the owners of the alleged servient estate, are the owners of Lots 9 and 10 and the West 32 feet 5 inches of Lot 11 in Block 33, Present Addition to the City of Pueblo, Pueblo County, State of Colorado. Plaintiffs acquired this land by deed from one C. Brooks Fry in October 1959. Defendants, who are the owners of the alleged dominant estate are the owners of the East 11 feet 7 inches of Lot 11 and the West 13 feet 7% inches of Lot 12 in Block 33. Defendants’ land adjoins and lies directly east of plaintiffs’ land.
Situated on defendants’ land is a three story brick building at least fifty years old, the west wall of which is on the west line of defendants’ Lot 11. Abutting the wall of this building are two pilasters or chimneys, each approximately eight feet in length and one foot in width. On the basis of a survey conducted on December 16, 1959, at the behest of plaintiffs who were aware of some degree of encroachment when they received their deed to the property, it was determined that these pilasters encroached approximately one foot on plaintiffs’ land (the north pilaster encroached 1.06 feet and the south pilaster 1.00 feet).
*215 Defendants acquired title to their property in February 1952. Formerly this property was owned by Pope Block, Inc., which acquired it in 1936, but it was sold for the 1938 general taxes to Pueblo County on December 6, 1939, by tax certificate No. 89891. Thereafter the tax certificate was assigned by Pueblo County to Robert Roblek on June 5, 1943. On November 3,. 1943, the County Treasurer of Pueblo County issued a tax deed to Robert Roblek. Roblek received a quitclaim deed dated November 27, 1944, to the identical property from Pope Block, Inc. This property passed through the hands of successive owners until the defendants acquired it in February 1952. In none of the above conveyances was anything purportedly conveyed except the East 11 feet 7 inches of Lot 11 and the West 13 feet 7*/2 inches of Lot 12 in Block 33. None of the former owners in defendants’ chain of title apparently knew that the pilasters encroached on the adjoining land presently owned by plaintiffs, and no demand was ever made by plaintiffs’ predecessors on the former owners to remove the pilasters.
No tax for improvements was ever assessed on that portion of plaintiffs’ land on which the pilasters encroach. Similarly the defendants paid taxes only on the improvements situated on the East 13 feet 7 inches of Lot 11 and the West 13 feet IV2 inches of Lot 12. ■Whether the value of the pilasters encroaching on plaintiffs’ land was included in the overall assessment on the East 13 feet 7 inches of Lot 11 is uncertain.
It was in the above factual setting that plaintiffs on June 29, 1960, filed their complaint and prayed that defendants be ordered to remove the encroachments from plaintiffs’ land. In their answer defendants denied that the pilasters encroached on plaintiffs’ land. By way of cross complaint defendants alleged that even if there was an encroachment the defendants were the owners of and had superior title to the encroached land by virtue *216 of the defendants and their mesne grantors having been in actual, exclusive, open, notorious, and continual possession of the encroached area for a period of more than fifty years prior to any claim of ownership made by plaintiffs. Plaintiffs, by way of answer to defendants’ cross complaint, denied the defendants’ allegations. Trial was to the court which granted the relief sought in plaintiffs’ complaint and dismissed defendants’ cross complaint. It made findings of fact substantially in accord with the above recital and concluded that under Harrison v. Everett, 135 Colo. 55, 308 P. (2d) 216 (1957), any claim of defendants which was based on adverse possession by defendants’ predecessors in title was extinguished by virtue of the tax deed to Roblek on November 3, 1943. Since the period from the date of the tax deed to Roblek on November 3, 1943, until the date of plaintiffs’ complaint, June 29, 1960, fell short of the eighteen year statutory period as set forth in C.R.S. ’53, 118-7-1, the court held that defendants had failed to establish adverse possession for the required period so as to give them title to the encroached land.
As grounds for reversal the defendants urge that Harrison, supra, is not applicable to this case. In their brief they concede that under Harrison the effect of a tax title is to extinguish all former claims in the land conveyed under the tax deed and to create a virgin title in the purchaser; they argue, however, that a tax title does not extinguish appurtenances which go with the tax sold lands or the adverse claims of former owners in the land of others. Thus the defendants contend that by virtue of their tax title they are in privity with all the rights of adverse possession acquired by Pope Block, Inc., and the other mesne grantors in the encroached area of plaintiffs’ land, and such rights extend far beyond the eighteen year limitation period of C.R.S. ’53, 118-7-1.
Though there may be merit to defendants’ argu *217 ment as to the non applicability of Harrison, it is unnecessary to consider either it or the defense of adverse possession, because their defense is clearly substantiated by C.R.S. ’53, 118-7-1, which provides as follows:
“No person shall commence or maintain an action for the recovery of the title or possession, or to enforce or establish any right or interest, of or to real property, or make an entry thereon, unless commenced within eighteen years after the right to bring such action or make such entry shall first have accrued, or within eighteen years after he or those from, by or under whom he claims, have been seized or possessed of the premises. Eighteen years adverse possession of any land shall be conclusive evidence of absolute ownership.”
We also note that C.R.S. ’53, 118-7-2 provides that “If such right or title first accrued to an ancestor, predecessor, or grantor of the person who brings the action or to any person from, by or under whom he claims the eighteen years shall be computed from the time when the right or title so accrued.”
And C.R.S. ’53, 118-7-4 provides in pertinent part:
“The right to make an entry or bring an action to recover land shall be deemed to have first accrued at the times hereinafter mentioned:
“(1) When any person is dis-seized, his right of entry or of action shall be deemed to have accrued at the time of disseizin.”
Here the trial court expressly found that the building on defendants’ land had been standing for at least fifty years. There was undisputed testimony that the encroachment was not the result of settling or shifting of the building, but existed from the time the building itself was erected. Thus, from the time of the original encroachment plaintiffs’ predecessors in title slept on their rights for a period far in excess of eighteen years. No action having been instituted by plaintiffs or their predecessors in title within eighteen years after *218 the original encroachment, the trial court should have held that plaintiffs are now barred from asserting any claims or right by reason of such encroachment.
The judgment is reversed and the cause remanded with directions to enter judgment for defendants on their cross-complaint.
Mr. Chief Justice Day and Mr. Justice Pringle concur.